## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRANDON BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1223 SPM |
| ) | |
| UNKNOWN SUPERINTENDENT, et al., ) | |
| ) | |
| Defendants. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Brandon Barnett (Missouri inmate registration number 1196383) for leave to commence this civil action without prepayment of the filing fee. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

### The Complaint

Plaintiff is a *pro se* litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") located in Bonne Terre, Missouri.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against the following defendants:  Unknown Superintendent;  Jamie Williams; Unknown McFarland; Unknown Cruz; Unknown Turner; Tymber Taylor; Karen Rose; Unknown Downs; Mail Room Staff Supervisor; Jason Turner; Justin Miller; Nicolas Weber; Unknown Simonton; Unknown Rector; Unknown Hummel; Unknown Lee; Unknown Minson; Unknown Wallace; Unknown Lancaster; Unknown Mickles; Unknown C; Unknown Brewer; Unknown Reagan; Unknown Case; Unknown Terry; Unknown Caldwell; Unknown Farmer;

Unknown Moffit; Food Service Manager; Unknown Gracey; Unknown Udding; and Unknown Supervisor of Business Management Office.

Plaintiff's allegations are difficult to decipher but it appears he has attempted to include twenty-six (26) separate claims for relief in his complaint against defendants.[1] Plaintiff is a frequent litigator before this Court, and he understands that he is unable to join so many unrelated claims against multiple plaintiffs in the same lawsuit. *See* Federal Rules of Civil Procedure 18 and 20; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*  To that end, the Court will only review the first several claims relating to plaintiff's contention that defendants have failed to properly respond to his IRRs and grievance appeals. Plaintiff's remaining claims will be severed and dismissed from this action.

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g).  *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012).  Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1]Some of plaintiff's claims are similar in nature. For ease of reference, the Court has merged those claims that are able to be consolidated.

28 U.S.C. § 1915(g).  Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee.  *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *See Barnett v. 5th Judicial Circuit Court Buchanan County*, et al., No. 5:11- cv-6031-DW (W.D. Mo. May 18, 2011) (summary dismissal for failure to state a claim upon which relief may be granted), *Barnett v. Buchanan County, Missouri, et al.,* No. 5: 15-cv-6044-DW (W.D. Mo. May 8, 2015) (same), and *Barnett v. Hinton,* et al., No. 5:18-cv-6115-HFS (W.D. Mo. Nov. 5, 2018) (summary dismissal on res judicata grounds).[2]

As a result, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).  An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g).  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

With regard to plaintiff's claims of defendants' failure to respond to his IRRs and grievance appeals, plaintiff does not claim he is under imminent danger of serious physical injury.

Accordingly,

---

[2] The Eighth Circuit Court of Appeals has recognized that dismissals on res judicata grounds are properly counted as "strikes" for purposes of 28 U.S.C. § 1915(g). *See Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (prior cases dismissed as barred by res judicata qualified as strikes), *Burke v. St. Louis City Jails*, 603 F. App'x 525 (8th Cir. 2015) (affirming the portion of the district court's decision determining that the plaintiff had acquired three qualifying strikes when one of the cases the district court cited was dismissed on res judicata grounds); *see also Harmon v. Webster*, 26 F.App'x 844, 846 (11th Cir. 2008) (affirming the district court's determination that its dismissal on res judicata grounds should count as a strike for purposes of§ 1915(g)). The Court further notes that the United States Court of Appeals for the Eighth Circuit has determined that plaintiff has acquired three strikes under 28 U.S.C. § 1915(g). *See Barnett v. Neal, et al.,* No. 19-2616 (8th Cir. 2019).

**IT IS HEREBY ORDERED** that in accordance with Federal Rules of Civil Procedure 18 and 20, the Court severs and **DISMISSES**, without prejudice, all claims from this action not related to plaintiff's claims that defendants failed to respond to his IRRs and grievance appeals.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**. *See* 28 U.S.C. § 1915(g)

**IT IS FURTHER ORDERED** that this action is subject to **DISMISSAL** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED**.

Dated this 20th day of October, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE